# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDDIE RENCHER, JR.,

    Petitioner,

vs.

BRIAN WILLIAMS, SR.,

    Respondents.

Case No. 2:12-cv-01258-PMP-GWF

**ORDER**

    Before the court are the amended petition for writ of habeas corpus (#18), respondents' motion to dismiss (#28), petitioner's opposition (#31), and respondents' reply (#32). The court finds that two grounds for relief in the amended petition are not exhausted, and the court grants the motion in part.

    Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

    "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th

Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law that applies federal constitutional principles will also suffice.  Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."  Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

Ground 1 is a claim that the admission of prior-bad-act evidence against petitioner in his jury trial violated the Sixth Amendment's guarantee of a fair trial and the Fifth and Fourteenth Amendments' guarantees of due process.  On direct appeal, petitioner raised a similar claim, but he did not explicitly mention any federal constitutional provisions.  See Ex. 70, at 9-12 (#23).  Petitioner's use of the phrase "fair trial" at page 12 of the appellate brief, without more, was not sufficient to exhaust the federal constitutional claim.  See Hiivala, 195 F.3d at 1106.

The court also is not persuaded by petitioner's argument that his citation to state-court cases has exhausted the federal constitutional claim.  Petitioner has cited four decisions[1] of the Nevada Supreme Court that involved the introduction of prior-bad-act evidence and that used the harmless-error standard for federal constitutional errors.[2]  The three most-recent decisions cited Tavares v. State, 30 P.3d 1128, 1132 (Nev. 2001).  Tavares held that erroneous admission of prior-bad-act evidence is not constitutional error and that the harmless-error standard would be "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict.'"  Id. at 1132 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).  Petitioner argues that because the Nevada Supreme Court used the Chapman harmless-error standard in the four cited cases, and because the Nevada Supreme Court held in Tavares that non-constitutional errors would be analyzed under the Kotteakos harmless-error standard, then the Nevada Supreme Court has

---

[1] Ledbetter v. State, 129 P.3d 671, 680 (Nev. 2006); Rosky v. State, 111 P.3d 690, 699 (Nev. 2005); Richmond v. State, 59 P.3d 1249, 1256 (Nev. 2005); Walker v. State, 997 P.2d 803, 807 (Nev. 2000).

[2] "[B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt."  Chapman v. California, 386 U.S. 18, 24 (1967).

concluded that admission of prior-bad-act evidence is constitutional error and that petitioner's citation to those four cases fairly presented the federal constitutional issue to the Nevada Supreme Court.

The court disagrees. There appears to be some confusion in the state courts over what standard to use. In four other published decisions[3] after Tavares, the Nevada Supreme Court used the Kotteakos standard for evaluating whether the erroneous admission of prior-bad-act evidence was harmless. Regardless, Tavares itself held that erroneous admission of prior-bad-act evidence is not constitutional error. Citing Tavares or any case that cites Tavares cannot fairly present a federal constitutional issue to the Nevada Supreme Court, because Tavares itself held that there is no federal constitutional issue. A citation to Tavares or a case that cites Tavares, without more, would be telling the Nevada Supreme Court that there is an issue solely of state law. Consequently, petitioner could not take advantage of the rule in Peterson v. Lampert. If he wanted to make a federal constitutional issue out of the admission of the prior-bad-act evidence, then he needed to either cite a provision of the Constitution of the United States or to cite a federal court case holding that erroneous admission of prior-bad-act evidence is constitutional error. Ground 1 is not exhausted.

Ground 4(A) is a claim of ineffective assistance of counsel. An expert witness for the prosecution testified, based upon case reports and literature, on how tissues can heal after sexual abuse such that a physical examination shows normal results. Petitioner argues that counsel did not cross-examine this expert witness properly and also that counsel should have retained a medical expert to counter the prosecution's expert testimony. Petitioner presented the same claim in his state habeas corpus petition and in his appeal from the denial of that petition. In its order of affirmance, the Nevada Supreme Court held:

> Fifth, appellant claimed that trial counsel was ineffective for failing to retain or call a medical expert to refute testimony by a nurse that a hymen can regrow. Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced. Appellant gave

---

[3]Fields v. State, 220 P.3d 724, 729-30 (Nev. 2009); Diomampo v. State, 185 P.3d 1031, 1041-42 (Nev. 2008); Mclellan v. State, 182 P.3d 106, 111-12 (Nev. 2008); Rhymes v. State, 107 P.3d 1278, 1282 (Nev. 2005).

> notice to the State that an expert would testify at the evidentiary hearing that a hymen cannot regrow; however, this expert was not called at the hearing. Therefore, appellant failed to demonstrate by a preponderance of the evidence that the evidence provided at trial was false or that there was an expert who would have testified to refute the testimony of the nurse. Therefore the district court did not err in denying this claim.

Ex. 98, at 3-4 (#24). Now, in this federal habeas corpus action, petitioner has presented an affidavit from Kristina Wildeveld, who represented petitioner in his post-conviction proceedings before the state district court. Wildeveld states that she retained a medical expert, Dr. Paul Wilkes, to evaluate the prosecution's expert-witness testimony. Wildeveld also states that she was unable to call Dr. Wilkes to testify at the evidentiary hearing because the funds allotted to her for investigation covered only Dr. Wilkes' review of the documents and the writing of an affidavit. Ex. 100 (#24). The court agrees with petitioner that Wildeveld's affidavit does not alter, fundamentally or in any other way, the claim presented in ground 4(A) from what petitioner presented in state court. The court further agrees with petitioner that the purpose of this affidavit is not to bolster the merits of ground 4(A), but only to address the adequacy of the fact-finding process in the state courts. See Opposition, at 6-7 (#31). The addition of Wildeveld's affidavit does not exhaust ground 4(A).

      Ground 4(B) also is a claim of ineffective assistance of trial counsel. Trial counsel had retained a child psychiatrist, Dr. Karen L. Cruey, as an expert witness on the suggestibility of children and why children sometimes make false accusations. Ultimately, trial counsel did not call Dr. Cruey to testify. In ground 4(B), petitioner claims that trial counsel provided ineffective assistance because trial counsel did not call Dr. Cruey to testify. Petitioner made the same claim in his state habeas corpus petition. The difference between the two proceedings is an affidavit by Dr. Cruey that petitioner presents to this court but did not present to the state district court. See Ex. 105 (#25). In the affidavit, Dr. Cruey states, "<u>I do not believe I was made aware of Mr. Rencher's prior convictions, nor would I have needed to know about his prior convictions to evaluate the alleged victims' allegations.</u> I intentionally did not see or interview Mr. Rencher; as an expert retained only to address child susceptibility and false allegation, his personal and legal history and prior convictions were outside the scope of my work on the case and irrelevant to my testimony." Ex. 105, at 2 (#25) (emphasis added). The emphasized portion differs from facts developed in the evidentiary hearing in the state habeas corpus proceedings. The trial court had not allowed the

introduction of some prior-bad-act evidence against petitioner, but the trial court also had warned that the decision could be revisited if the defense opened the door.  Petitioner's trial counsel testified on cross-examination at the evidentiary hearing that she did provide Dr. Cruey with petitioner's criminal history.  Ex. 89, at 65-66 (#24).  She also testified that she decided not to call Dr. Cruey to testify because that might have led to the defense opening the door to introducing the excluded prior-bad-act evidence.  Id. at 66.  Trial counsel's testimony on cross-examination was the only evidence presented about her decision not to call Dr. Cruey to testify.  Trial counsel was not asked any questions on direct or redirect examination, and Dr. Cruey did not testify at the evidentiary hearing.  The state district court relied on trial counsel's testimony when it denied this claim.  See Ex. 90, at 7 (#24).  The information in Dr. Cruey's affidavit contradicts what was uncontradicted testimony at the evidentiary hearing.  If Dr. Cruey is believed, then she did not have any information that would have led to the introduction of otherwise excluded prior-bad-act evidence, and counsel's reason for not calling Dr. Cruey is untrue.  Dr. Cruey's affidavit fundamentally transforms the ineffective-assistance claim from what petitioner had presented to the state district court.  Ground 4(B) is unexhausted.

The amended petition (#18) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

IT IS THEREFORE ORDERED that respondents' motion to dismiss #28 is **GRANTED** in part.  Grounds 1 and 4(B) are unexhausted.

///
///
///
///
///
///
///
///

1  IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of
2 entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial
3 dismissal of grounds 1 and 4(B), or for other appropriate relief.  Within ten (10) days of filing such
4 motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. §
5 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the
6 motion, and that he has authorized that the relief sought therein be requested.  Failure to comply
7 with this order will result in the dismissal of this action.
8  DATED: August 18, 2014

                                                        _____
                                                        PHILIP M. PRO
                                                        United States District Judge