UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDDIE RENCHER, JR.,

    Petitioner,

vs.

BRIAN WILLIAMS, SR.,

    Respondents.

Case No. 2:12-cv-01258-APG-GWF

**ORDER**

    Before the court are the amended petition (ECF No. 18), respondents' motion to dismiss (ECF No. 45), petitioner's opposition (ECF No. 49), and respondents' reply (ECF No. 55). The court finds that two grounds for relief are procedurally defaulted, and the court grants the motion.

    In an earlier order (ECF No. 33), the court found that grounds 1 and 4(B) of the amended petition were not exhausted. Petitioner moved to stay this action while he exhausted those grounds in state court (ECF No. 35). Petitioner simultaneously was pursuing a post-conviction habeas corpus petition in state court. The state-court proceedings concluded before this court ruled on petitioner's motion for a stay. The Nevada Court of Appeals ruled that the petition was untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810. Ex. 111 (ECF No. 43-6). This court denied the motion to stay as moot (ECF No. 44). Respondents then filed the current motion to dismiss (ECF No. 45), arguing that grounds 1 and 4(B) now are procedurally defaulted.

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986). The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules. Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996) (same).

Petitioner needed to raise his claims of ineffective assistance of counsel in state court through a post-conviction habeas corpus petition. Gibbons v. State, 634 P.2d 1214 (Nev. 1981).[1]

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. Miller–El v. Cockrell, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

Martinez v. Ryan, 132 S. Ct. 1309, 1318-19 (2012). The court of appeals has extended the rule in Martinez to procedurally defaulted claims of ineffective assistance of counsel on direct appeal. Ha Van Nguyen v. Curry, 736 F.3d 1287 (9th Cir. 2013).

> First, to establish "cause," [petitioner] must establish that his counsel in the state postconviction proceeding was ineffective under the standards of Strickland. Strickland, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different. See Strickland, 466 U.S. at 687, 694. Second, to establish "prejudice," he must establish that his "underlying

---

[1] An exception to this rule is if the state district court developed the factual record of the ineffective assistance claim before the direct appeal, but that did not happen in this case.

ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318.

Clabourne v. Ryan, 745 F.3d 362, 377 (9th Cir. 2014) overruled on other grounds by McKinney v. Ryan, 813 F.3d 798 (9th Cir. 2015).

Petitioner does not persuade the court that cause and prejudice exist to excuse the procedural default of ground 1. In ground 1, petitioner claims that the trial court committed constitutional error by admitting prior-bad-act evidence. Petitioner's argument for cause and prejudice is two-fold. First, petitioner argues that appellate counsel, Cynthia Dustin, provided ineffective assistance because, although she did raise the claim on direct appeal, she did not raise the claim specifically as a matter of federal law. Second, petitioner argues that counsel in the first state post-conviction habeas corpus petition, Kristina Wildeveld, provided ineffective assistance because she did not recognize Dustin's failure on direct appeal.

Each argument is faulty. First, the argument that Dustin was ineffective on direct appeal is itself a claim of ineffective assistance of counsel that must be exhausted. Carrier, 477 U.S. at 488-89. Petitioner has not presented any such claim of ineffective assistance of appellate counsel in the amended petition. Second, Martinez and its extension in Nguyen are limited to procedurally defaulted claims of ineffective assistance of counsel. Ground 1 is a claim of trial-court error, and Martinez does not apply to it. Petitioner presents no other arguments for cause and prejudice to excuse the procedural default of ground 1. The court dismisses ground 1.

Ground 4(B) is a claim that trial counsel, Marsha Kimble-Simms, provided ineffective assistance because she did not present the expert testimony of a child psychiatrist, Karen Cruey, whom she had retained. What made ground 4(B) unexhausted in part was that petitioner now has presented the affidavit of Dr. Cruey. She states, in part:

> I do not believe I was made aware of Mr. Rencher's prior convictions, nor would I have needed to know about his prior convictions to evaluate the alleged victims' allegations. I intentionally did not see or interview Mr. Rencher; as an expert retained only to address child susceptibility and false allegation, his personal and legal history and prior convictions were outside the scope of my work on the case and irrelevant to my testimony.

-3-

Ex. 105, at 2 (ECF No. 25-1) (emphasis added). As noted above, when petitioner presented this ground with the affidavit to the state courts in his second post-conviction habeas corpus petition, the state courts deemed the petition to be untimely and successive. Ex. 111 (ECF No. 43-6).

Petitioner argues that under Martinez the ineffective assistance of Wildeveld is cause to excuse the procedural default of ground 4(B). When the court noted the contradiction between Kimble-Simms' testimony at the evidentiary hearing and Cruey's affidavit, ECF No. 33, at 4-5, it appeared that Cruey's statement was a key piece of evidence that might have changed the outcome of the post-conviction proceedings. Upon further reading of the record, the court concludes that it is not.

In two motions, the prosecution sought to admit evidence of petitioner's other crimes. First, the prosecution wanted to admit a 1992 conviction for aggravated sexual assault in Illinois. Ex. 8 (ECF No. 19-8). Second, the prosecution wanted to admit testimony from Angela Pride. She accused petitioner of touching her inappropriately over seven years, with the misconduct ending around twenty-five years before trial. Ex. 30, at 8 (ECF No. 20-14, at 9). Third, the prosecution wanted to admit testimony from C.C., a boy, who had stated that petitioner had molested him around the same time that the victim in this case was molested. Id. at 6-8 (ECF No. 20-14, at 7-9). The state district court allowed the testimony from C.C. Ex. 45, at 85-86 (ECF No. 21-14, at 86-87). The state district court did not allow the prosecution to introduce evidence regarding the 1992 conviction and the abuse of Angela Pride. However, the possibility remained that the evidence could be admitted if the defense opened the door. See Ex. 11, at 2-3 (ECF No. 19-11, at 3-4), Ex. 45, at 80-81 (ECF No. 21-14, at 81-82).

Petitioner also sought to admit evidence of other acts. C.C. had a sister, B.C., and a brother, Cortez Bowen. B.C. accused Cortez Bowen of molesting her. Petitioner wanted at least to keep open the possibility of B.C. testifying, the theory being that C.C. had borrowed facts of Cortez Bowen's abuse of B.C. abuse and made up allegations of petitioner molesting him. The state district court allowed petitioner to bring in this evidence. Ex. 45, at 88 (ECF No. 21-14, at 89). However, at trial petitioner did not present any such evidence.

At the start of the second day of trial, before the parties gave their opening statements,[2] the prosecution moved to exclude petitioner's mother, Rita Baker, from the courtroom. The following exchange occurred:

> MR. O'BRIEN [prosecutor]: Judge, part of the problem is that they've noticed an expert witness, Karen Cruey. The only person that Ms. Cruey has interviewed in this case is Rita Baker. So depending on how Ms. Cruey or Dr. Cruey testifies, we anticipate that what Ms. Baker told her could come into evidence and Ms. Baker could be a rebuttal witness, whether she wants to be a witness or not. So we do think that she's still a witness, she's still been noticed as a witness, and we think it would be proper to exclude her—certainly while D.H. is testifying.
>
> MS. KIMBLE-SIMMS [defense counsel]: Based upon what Dr. Cruey told me, her interview with Rita Baker was only for background information because she could not get into the Clark County Detention Center to see the defendant, Eddie Rencher.

Ex. 58, at 5 (ECF No. 22-12, at 7). The judge decided not to exclude Rita Baker. Then:

> MS. PANDUKHT [prosecutor]: Well, we might call her in rebuttal, based upon how Dr. Cruey testifies.
>
> THE COURT: Is that what you're saying?
>
> MS. PANDUKHT: Yes.
>
> MS. KIMBLE-SIMMS: Your Honor—
>
> MR. O'BRIEN: Because the background information she's talking about, that's the only information besides the police reports that Dr. Cruey has, and based upon what Dr. Cruey has told us, we think that's exactly what she's going to get into.

Ex. 58, at 6 (ECF No. 22-12, at 8). The discussion went off to other matters, and the trial started. At the end of the day, the parties discussed the incident that occurred between B.C. and Cortez Bowen. In the middle, the prosecutor stated:

> MS. PANDUKHT: I have one question. I mean, we are still not clear that she's not going to be bringing up B. and Cortez. Because you know, this was her whole defense for a long period of time. <u>And she is calling the expert, and we asked the expert and the expert was not very committal with us on this.</u> So I know Ms. Simms doesn't have to give away her defense, but I don't know if she's going to continue to go into this area of B. and Cortez.

Ex. 58, at 242 (ECF No. 22-12, at 244) (emphasis added). Then, regarding information that the defense counsel had about Cortez Bowen, the following exchange occurred:

---

[2]The first day of the trial was solely selection of the jury. Ex. 57 (ECF No. 22-11).

> MS. PANDUKHT: I'm only concerned about the conversation that I had with your expert, and I know this morning, Ms. Simms, that you said you were going to talk to her.
>
> MS. KIMBLE-SIMMS: I will be having a conver— Yeah, I have no idea why she's talking—
>
> MS. PANDUKHT: I just want to make sure because—that's all.
>
> MS. KIMBLE-SIMMS: And I have no— That's not what I asked her to talk about. I asked her to talk about—
>
> THE COURT: All right. You guys can fight about that because that's for tomorrow.
>
> MS. PANDUKHT: We don't need to fight about it. I just—I just want to know, that's all. So—
>
> MS. KIMBLE-SIMMS: I mean—
>
> THE COURT: I'm going to—
>
> MS. PANDUKHT: I trust Ms. Simms will now instruct Dr. Cruey not to talk about her, and then the limiting instruction is great. But a couple months ago this was the big defense, so.

Ex. 58, at 244-45 (ECF No. 22-12, at 246-47). "Her" in this exchange refers to B.C., and the molestation she suffered at the hands of Cortez Bowen.

In the first state post-conviction proceedings, petitioner claimed that Kimble-Simms provided ineffective assistance because she did not call Dr. Cruey to testify. At the evidentiary hearing, Kimble-Simms trial counsel testified that she had provided Dr. Cruey with petitioner's criminal history. Ex. 89, at 65-66 (ECF No. 24-3, at 66-67). She also testified that she decided not to call Dr. Cruey to testify because that might have led to the defense opening the door to introducing the excluded prior-bad-act evidence. Id. at 66 (ECF No. 24-3, at 67). The Nevada Supreme Court credited that reason in its determination that Kimble-Simms did not provide ineffective assistance of counsel. Ex. 98, at 5 (ECF No. 24-12, at 6).

The issue now is whether there is a reasonable likelihood that the outcome of the state post-conviction proceedings would have been different if the state district court had Dr. Cruey's affidavit along with the record and evidence that the state district court actually did possess. Dr. Cruey writes:

> 3. I reviewed Mr. Rencher's case extensively with attorney Kimble-Simms and met with Mr. Rencher's mother. I also reviewed various court documents, including hearing transcripts, filed motions and transcripts of alleged victim interviews. I did not, however,

-6-

> meet with or interview Mr. Rencher, as I was only concerned with the alleged victim's allegations.

Ex. 105, at 1 (ECF No. 25-1, at 2). This statement contains two items that lead this court to conclude that no reasonable likelihood of a different result in the state district court exists. First, Dr. Cruey's statement aligns with Kimble-Simms' statement in the trial that Dr. Cruey had spoken with Rita Baker, petitioner's mother, for "background information." "Background information" is a deceptively innocuous phrase. The "background information" might have included the 1992 conviction and Pride's allegation of sexual abuse. Second, the court cannot reconcile Dr. Cruey's statement that she does not believe that she was made aware of petitioner's prior convictions, because she also stated that she read the pre-trial motions and the transcripts of the pre-trial hearings. Many, if not most, of those motions and hearings concerned the prosecution's efforts to introduce evidence of petitioner's prior sexual misconduct. If petitioner had presented Dr. Cruey's affidavit to the state district court, he might have established that Kimble-Simms did not know for certain that Dr. Cruey knew of petitioner's prior sexual misconduct. However, absence of knowledge is not knowledge of absence. At best, petitioner has established that Kimble-Simms was uncertain about what Dr. Cruey knew. If Kimble-Simms had called Dr. Cruey to the stand, she would have been asking questions to which she did not already know the answers. Under those circumstances, even if the state district court had Dr. Cruey's affidavit for the first state post-conviction habeas corpus petition, this court sees no reasonable likelihood that the state district court would have reached a different result. Consequently, Wildeveld did not provide ineffective assistance of post-conviction counsel, and petitioner has not shown cause to excuse the procedural default of ground 4(B).

IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 45) is **GRANTED**. Grounds 1 and 4(B) of the amended petition (ECF No. 18) are **DISMISSED** with prejudice as procedurally defaulted.

///
///
///

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED: August 4, 2016

_____
ANDREW P. GORDON
United States District Judge